IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOTAL PETROLEUM PUERTO RICO CORP.,

                Plaintiff

                     v.                        CIVIL NO. 09-1105 (JP)

TC OIL, CORP.,

                Defendant

OPINION AND ORDER

Before the Court is an urgent motion for contempt filed by Plaintiff Total Petroleum Puerto Rico Corporation ("TPPRC") (**No. 23**). Also before the Court is Defendant TC Oil, Corp.'s ("TC Oil") informative motion regarding compliance with the preliminary injunction Order (**No. 27**). The Court will address these two motions together because they both concern Defendant's obligation to comply with the Court's Orders. For the reasons stated herein, Plaintiff TPPRC's motion is hereby **GRANTED IN PART AND DENIED IN PART,** and Defendant TC Oil's motion is hereby **NOTED.**

I.   **INTRODUCTION AND BACKGROUND**

By way of background, Plaintiff filed the instant lawsuit pursuant to the Lanham Act, 15 U.S.C. Section 1051, *et seq.*, and the Petroleum Marketing Practices Act, 15 U.S.C. Section 2801, *et seq.*, for Defendant TC Oil, Corp.'s alleged violations of the lease, supply and franchise agreements between the parties. Plaintiff moved for

CIVIL NO. 09-1105 (JP)          -2-

the Court to enter a temporary restraining order and a preliminary injunction.  On February 6, 2009, the Court granted Plaintiff's motion for a temporary restraining order (No. 8), and set a show cause hearing for February 17, 2009.  In its Order (No. 8), the Court held as follows:

(1)  Defendant **SHALL** immediately surrender the [s]tation, all the equipment located therein, and the gasoline tanks to Plaintiff;

(2)  Defendant **SHALL** immediately refrain from using Plaintiff's trademarks at the [s]tation; and,

(3)  Defendant **SHALL** immediately comply with all the post-termination covenants of the agreements signed by the parties.

The parties presented their arguments on the preliminary injunction issue at the show cause hearing on February 17, 2009. After said hearing, the Court entered an Opinion and Order granting Plaintiff's motion for a preliminary injunction on March 11, 2009 (No. 26).  In essence, the Court ordered Defendant to surrender the station and its equipment to Plaintiff, to stop using Plaintiff's marks, and to comply with the post-termination covenants of the agreements between the parties during the pendency of the litigation.

II.  **LEGAL STANDARD FOR CONTEMPT**

The United States Supreme Court has held that a court order must be obeyed, even if it is later found to be improper or

CIVIL NO. 09-1105 (JP)             -3-

unconstitutional, until it is vacated or amended pursuant to the proper judicial process.   Maness v. Meyers, 419 U.S. 449, 458-59 (1975); In re Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir. 1986).  Exceptions to this general rule exist if the court lacks personal or subject matter jurisdiction or if the order is "transparently invalid," such as those that force a person to give up an irretrievable right.  Vakalis v. Shawmut, 925 F.2d 34, 36-37 (1st Cir. 1991); In re Providence Journal Co., 820 F.2d at 1346-47. It is well established that a court possesses the authority to hold a party in contempt for failure to comply with a court's order. Shillitani v. United States, 384 U.S. 364, 370 (1966); Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir. 2002).   A court's authority to impose contempt sanctions is a powerful tool that must be exercised only upon "clear and convincing evidence" that the offending party was actually in contempt of court.  Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991).

The United States Court of Appeals for the First Circuit has set forth the following four requirements that must be met to hold a party in civil contempt of court: (1) the contemnor must have had notice of the court order; (2) the order must have been "clear, definite, and unambiguous"; (3) the contemnor must have had the ability to comply with the order; and (4) the contemnor must have violated the order.  United States v. Saccoccia, 433 F.3d 19, 26 (1st Cir. 2005).

CIVIL NO. 09-1105 (JP)          -4-

## III. **ANALYSIS**

Plaintiff moves the Court to hold Defendant in contempt of the Court's temporary restraining order, alleging as follows: (1) Defendant failed to remove all inventory, signs and equipment upon surrendering the gasoline service station, (2) Defendant left the station in complete disarray, thereby creating a health hazard due to the presence of expired food, fungus and pests, (3) all amounts owed to Plaintiff by Defendant remain unpaid, and (4) Defendant failed to prove that it had made payments for public utilities and suppliers of products and services to the station. Plaintiff asks the Court to order Defendant, *inter alia*, to reimburse Plaintiff in the amount of $5,000.00 for the clean-up costs associated with the removal of inventory from the station.

In response, Defendant filed a informative motion regarding compliance with the preliminary injunction order on March 18, 2009 (No. 27).   In said motion, Defendant informed the Court of the following: (1) on February 9, 2009, Defendant surrendered the service station to Plaintiff, (2) Defendant coordinated the delivery and or/pick up of Defendant's inventory and equipment remaining at the service station, and (3) Defendant stopped using Plaintiff's trademarks at the station. Defendant further informed the Court that it had not complied with the monetary remedies imposed by the post-termination covenants, arguing that the Court's Order cannot be read to encompass this remedy.   In support of this position,

CIVIL NO. 09-1105 (JP)          -5-

Defendant argued that Plaintiff is trying to execute a judgment for monetary damages pursuant to Rule 65 of the Federal Rules of Civil Procedure, when no such judgment has been entered by the Court. Further, Defendant claims it is financially unable to make these payments at the present time.  The Court notes that Defendant makes this allegation in light of the fact that it sold gasoline supplied by Plaintiff to customers but did not pay Plaintiff for said gasoline, thereby pocketing the money owed to Plaintiff for the gasoline sold.

After carefully considering the arguments set forth by the parties in their briefs, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for contempt.  As to the monetary sums owed by Defendant, Plaintiff's motion is denied because Plaintiff has failed to prove the second and third elements of the test for contempt set forth by Saccoccia, *supra*.   433 F.3d at 26. Specifically, as to the clarity of the Court's Orders, the temporary restraining Order and the preliminary injunction Order require Defendant to comply with post-termination covenants of the parties' agreements, but said covenants encompass the general payment of "any and all amounts owed to [Plaintiff] for products delivered or other debts."  (No. 23).  The monetary sum owed by Defendant to Plaintiff, if anything at all, is to be determined by the instant litigation. As such, the Court's Orders are not clear as to the amount owed by Defendant, if any, and when said amount should be paid.

CIVIL NO. 09-1105 (JP)            -6-

Further, Defendant has represented to the Court that it cannot comply with the aforesaid Orders because it lacks the financial capacity to pay the alleged sums owed.  This assertion by Defendant likely includes payment to suppliers and public utilities.  The Court finds that further discovery is necessary as to Defendant's alleged debts and its ability to pay the same.  Accordingly, Plaintiff's motion for contempt is denied on these grounds.

On the other hand, the Court finds that its Order regarding re-delivery of the station is unambiguous.  After denying Plaintiff payment for use of the station and its sales, Defendant had the audacity to allow the station to fall into disrepair.  The Court finds this behavior inexcusable, especially given the potential health threat to the public.  Therefore, the Court grants Plaintiff's motion as to reimbursement for clean-up expenses at the station.[1]

In light of the claims made by Plaintiff in its motion, the Court hereby **ENTERS** the following Orders:

(1) **On or before April 17, 2009**, Defendant **SHALL** provide Plaintiff with a certified list under the penalty of perjury detailing the names, account numbers, telephone numbers and addresses of all suppliers of products and/or

---

1.   Defendant has represented to the Court that it stopped displaying Plaintiff's marks, and that it returned possession of the station and its inventory to Plaintiff.  As these issues are no longer in dispute, the Court need not address them here.

CIVIL NO. 09-1105 (JP)          -7-

     services, along with the amounts owed to said suppliers,

     if any;

(2)  **On or before April 17, 2009**, Defendant **SHALL** provide Plaintiff all the account numbers pertaining to public utilities, and current statements of those utilities showing the amounts owed;

(3)  **On or before April 17, 2009**, Defendant **SHALL** provide Plaintiff all information pertaining to government issued permits, insurance policies, and bonds that were issued in connection with the operation of the gasoline service station; and,

(4)  **On or before April 24, 2009**, Defendant **SHALL** reimburse Plaintiff the amount of $5,000.00 for the cost of the cleaning and pest control at the station.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of April, 2009.

                        s/Jaime Pieras, Jr.
                          JAIME PIERAS, JR.
                U.S. SENIOR DISTRICT JUDGE