UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOTAL PETROLEUM PUERTO RICO, CORP.<br><br>    Plaintiff,<br><br>v.<br><br>TC OIL, CORP.<br><br>    Defendant. | Civ. No. 09-1105 (JP) |

**DEFENDANT'S PARTIAL MOTION TO DISMISS (1) FOR LACK OF STANDING AND (2) FOR LACK OF INDISPENSABLE PARTIES**

**TO THE HONORABLE COURT:**

**COMES NOW defendant** TC Oil, Corp., and by and through its counsel respectfully informs and requests as follows:

Defendant TC Oil, Corp. ("TC Oil") brings this motion to dismiss on the pleadings, and for lack of indispensable parties. For the following reasons, the Court should grant the motion.

**STANDARD OF REVIEW**

The standards of review for judgment on the pleadings under Fed.R.Civ.P. 12(c) and Rule 12(b)(6) are essentially the same. *Asociación de Subscripción Conjunta v. Flores Galarza*, 484 F.3d 1, 22 (1st Cir.2007). Thus, judgment against

the plaintiff may be entered if, after taking as true all well-pleaded facts, and giving "the plaintiff the benefit of all reasonable inferences", plaintiff is not entitled to relief. *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (2007). To survive a motion to dismiss, the complaint must establish "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

A motion to dismiss for failure to joint an indispensable party may be raised in a motion to dismiss on the pleadings. The motion is evaluated applying the parameters of Rules 12(b)(7) and 19. "Generally, a Rule 12(b)(7) motion should be granted when there is absence a party without whom complete relief will not be possible in the case or whose interest is such that to proceed without this party might prejudice it or the parties already present in the case." *Rivera Rojas v. Loewen Group Intern., Inc.*, 178 F.R.D. 356, 361 (D.P.R 1998)

## ARGUMENT

**A.   Plaintiff Is Not The Owner Of The Trademarks At Issue In This Case And Hence Lacks Standing To Prosecute The Section 32(1) Action.**

Plaintiff's First Cause of Action arises under section 32(1) of the Lanham Act, 15 U.S.C. sec. 1114(1). Actions under section 1114(1) can only be brought by the owner of the trademark. *See Quabaug Ruber Co. v. Fabiano Shoe Co., Inc.*, 567 F.2d 154, 159 (1st Cir.1977); *The Shell Co., Ltd. v. Los Frailes Service Station, Inc.*, 596 F.Supp.2d 193, 202 (D.P.R.2008)(declining to consider an action under Section 1114 of the Lanham Act because the plaintiff "was not the registrant

of the . . .trademark when the events underlying the claims in this case took place.").

Plaintiff does not allege – and cannot allege – that he is the owner of the trademarks at issue in this case.  Therefore, the Court should dismiss the first cause of action.

**B.   The Complaint Should Be Dismissed For Failure To Join Necessary Parties.**

The owner of the trademarks at issue in this case is not a party to this case for trademark infringement.  It must be.

Each and every court that has addressed the issue has concluded that the owner of the trademark is a necessary party under Rule 19 in actions for infringement of the marks.  ies in infringement actions, under Fed.R.Civ.P. 19.  *See Association of Co-Op Members v. Farmland Indus., Inc.,* 684 F.2d 1134, 1143 (5th Cir.1982); *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.*, 2007 WL 4218990 at *2 (S.D.Fla.2007); *Lion Petroleum of Missouri, Inc. v. Millenium Super Stop, LLC*, 467 F.Supp.2d 953, 956 (E.D.Mo.2006); *JTG of Nashville Inc. v. Rhythm Band, Inc.*, 693 F.Supp. 623, 626 (M.D.Tenn.1988)("Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19.").  *See also* Wright & Miller, Federal Practice and Procedure Civil sec. 1614 (3d.2001).

The Court should dismiss the causes of action for trademark infringement for failure to join an indispensable party.

WHEREFORE, plaintiffs respectfully request that the Court dismiss Total's complaint.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this June 10, 2009.

```
Juan H. Saavedra Castro
USDC PR No. 204712
Edificio Banco Popular de Puerto Rico
Suite 701, Calle Tetuán # 206
San Juan, PR 00901-1815
(787) 722-7741
(787) 722-7748
Email: saavedracastrojuan@mac.com
Email:

saavedrajuan@microjuris.com
```

```
CORREA, COLLAZO, HERRERO & FORTUÑO, PSC
P.O. Box 70212
San Juan, PR 00936-8212
Tel. (787) 625-9999
Fax (787) 625-9801


By:


Manuel L. Correa-Márquez
USDC PR 129803
Email:  mcorrea@lawpr.com


Xana M. Connelly
USDC PR 222513
Email:  xconnelly@lawpr.com
```

**CERTIFICATE OF SERVICE**

5

I hereby certify that on June 10, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall serve counsel for plaintiff.

In San Juan, Puerto Rico, this June 10, 2009.

 s/JUAN H. SAAVEDRA CASTRO
P.O. BOX 9021782
SAN JUAN, PUERTO RICO 00902-1782
TEL. (787) 722-7741
FAX. (787) 722-7748