IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TOTAL PETROLEUM PUERTO RICO
CORP.,

        Plaintiff

          v.                  CIVIL NO. 09-1105 (JP)

TC OIL, CORP.,

        Defendant

## OPINION AND ORDER

Before the Court is Defendant TC Oil, Corp.'s ("TC Oil") motion to dismiss Plaintiff's claims brought pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.* (**No. 68**).  Also before the Court is Plaintiff Total Petroleum Puerto Rico Corporation's ("TPPRC") opposition thereto (No. 82).  Plaintiff TPPRC filed the instant complaint pursuant to the Lanham Act, the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.*, and Puerto Rico law, for Defendant's alleged violations of the lease, supply and franchise agreements between the parties.  For the reasons stated herein, Defendant's motion is hereby **DENIED**.

## I.  FACTUAL ALLEGATIONS

Defendant TC Oil leased from Plaintiff a gasoline service station (the "Station") located at 373 San Claudio Avenue, Urb. Sagrado Corazón, Río Piedras Ward, San Juan, Puerto Rico, which is the subject of this lawsuit.  The parties entered into the Lease

CIVIL NO. 09-1105 (JP)              -2-

Agreement on November 1, 2008, for a period of three years.  The
Lease Agreement provides, *inter alia*, that Defendant would pay
Plaintiff a monthly rent of $2,000.00 for the Station, that Defendant
would use the Station to sell gasoline, and that Defendant would sell
only Total branded petroleum products.

     On October 23, 2008, the parties entered into a Supply
Agreement, thereby granting Defendant the right to buy and resell
Total petroleum products and to operate the Station under said
trademark.  The Supply Agreement had a duration of three years,
beginning on November 1, 2008.  Under the Supply Agreement, Defendant
was obligated to buy from Plaintiff a monthly minimum amount of
gasoline products of 192,000 gallons and a monthly minimum of
150 gallons of oil and lubricants, the purchase price of which would
be paid to Plaintiff on a Cash-On-Delivery basis.  The Commodatum
Provisions of the Supply Agreement allowed Defendant to use the
underground storage tanks and other equipment located at the Station
and owned by Plaintiff.  Defendant allegedly had an obligation under
these Provisions to conduct testing of the equipment to make sure no
environmental damage occurred.

     Finally, the parties also entered into a Bonjour Franchise
Agreement on October 23, 2008, for a period of three years, which
entitled Defendant to operate a convenience store at the Station.
In exchange, Defendant would pay a monthly minimum rent of $5,000.00
to Plaintiff, or a rent equivalent to ten percent of the store's

CIVIL NO. 09-1105 (JP)                    -3-

gross sales.  In order to ensure prompt payments for rent and the purchase of gasoline products, the parties authorized direct payment to Plaintiff through electronic transactions from Defendant's bank.

Defendant allegedly breached its agreements with Plaintiff by failing to pay for gasoline products and rent in the total amount of $113,644.75.  This figure accounts for gasoline deliveries made by Plaintiff on November 18, 2008, November 22, 2008, November 28, 2008 December 1, 2008, December 8, 2008, and December 9, 2008.  On all of these occasions, Defendant's bank returned the debit unpaid.  When questioned about this, Defendant replied that it had no idea why the payments were not approved, since it had sufficient funds in its account.  On December 10, 2008, Plaintiff learned from Defendant's bank that Defendant had advised the bank not to pay Plaintiff. Defendant also failed to pay rent for the months of November, December and January.  Plaintiff allegedly offered Defendant a payment plan, which Defendant rejected.

Moreover, Defendant allegedly failed to operate the Station and the convenience store located inside the Station for a period of over seven consecutive days on or around December 19, 2008.  Defendant also allegedly failed to remove Plaintiff's trademarks, thereby damaging Plaintiff's reputation in the industry and causing customer confusion.  On February 4, 2009, Plaintiff sent Defendant a termination notice of the parties' agreements, which was received by

CIVIL NO. 09-1105 (JP)            -4-

Defendant on that same day.  Plaintiff filed the instant lawsuit on February 5, 2009.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríquez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III.  **ANALYSIS**

Defendant moves the Court to dismiss Plaintiff's Lanham Act claims, arguing that Plaintiff has failed to state a valid Lanham Act claim because it has not suffered any damages or injuries

CIVIL NO. 09-1105 (JP)          -5-

attributable to a trademark violation.  Specifically, Defendant argues that in Plaintiff's initial disclosures made pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff does not specifically claim that damages were caused as a result of Defendant's alleged violations of the Lanham Act.  The Court will now consider Defendant TC's argument.

    Section 32(1)(a) of the Lanham Act, which governs claims for infringement of registered marks, states in relevant part that:

> [A]ny person who shall, without the consent of the registrant use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable to the registrant of the mark.

15 U.S.C. § 1114(1)(a); see Doral Pharmamedics, Inc. v. Pharm. Generic Developers, Inc., 148 F. Supp. 2d 127, 137 (D.P.R. 2001). To establish trademark infringement under the Lanham Act, a plaintiff is required to demonstrate that: (1) it owns and uses a mark; (2) defendant used the same or similar marks without the plaintiff's permission; and (3) defendant's use of the marks likely confused consumers, thereby causing plaintiff to suffer a harm (for example, lost sales). Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 60 (1st Cir. 2008).

    The United States Court of Appeals for the First Circuit has held that the third element - likelihood of confusion - is often the

CIVIL NO. 09-1105 (JP)          -6-

dispositive inquiry when determining whether a Lanham Act violation
has occurred. International Ass'n of Machinists & Aero. Workers v.
Winship Green Nursing Ctr., 103 F.3d 196, 200 (1st Cir. 1996)
(citations omitted). In assessing likelihood of confusion, a court
must consider eight criteria: (1) the similarity of the marks;
(2) the similarity of their goods; (3) the relationship between their
channels of trade; (4) the relationship between their advertising;
(5) the classes of their prospective purchasers; (6) any evidence of
actual confusion of consumers; (7) the defendant's subjective intent
in using the marks; and (8) the overall strength of plaintiff's
marks. Venture Tape Corp., 540 F.3d at 60-61 (citing Boston Duck
Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 10 n.6
(1st Cir. 2008)). "No single criterion is necessarily dispositive
in this circumstantial inquiry." Venture Tape Corp., 540 F.3d at 61
(citing Borinquen Biscuit Corp. v. M.V. Trading Corp.,
443 F.3d 112, 120 (1st Cir. 2006)). The First Circuit has emphasized
that a plaintiff need only show that a "likelihood of confusion is
in prospect," and that a showing of actual confusion is not required.
Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.,
982 F.2d 633, 640 (1st Cir. 1992).

    Further, the First Circuit has held that the Lanham Act does not
contain a proof-of-injury requirement. Societe Des Produits Nestle,
S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 640 (1st Cir. 1992). The
First Circuit stated as follows:

CIVIL NO. 09-1105 (JP)              -7-

> By its very nature, trademark infringement results in irreparable harm because the attendant loss of profits, goodwill, and reputation cannot be satisfactorily quantified and, thus, the trademark owner cannot adequately be compensated. Hence, irreparable harm flows from an unlawful trademark infringement as a matter of law.

Id. at 640.  This Court has found that irreparable harm can be demonstrated in the absence of actual injury to a plaintiff's business based on the plaintiff's showing of a likelihood of success on the merits of its claim.  Perfumania, Inc. v. Perfulandia, Inc., 279 F. Supp. 2d 86, 103 (D.P.R. 2003) (citations omitted).

In the instant complaint, Plaintiff has alleged that it holds an exclusive license to use Total SA's trademarks in Puerto Rico.[1] Plaintiff has also alleged that Defendant unlawfully used Plaintiff's marks after Plaintiff terminated the agreements between the parties. Plaintiff claims that Defendant's refusal to take down Plaintiff's marks falsely represents that Defendant's services and products were approved by Plaintiff.  Considering the facts in the light most favorable to Plaintiff at this early stage of the proceedings, the Court finds that Defendant's misrepresentation could likely cause customer confusion. Specifically, customers could mistakenly believe that Defendant sold Plaintiff's product during the relevant time period because Defendant was displaying Plaintiff's marks, when in fact Defendant was not selling gasoline at all.

---

1.   The Court previously held that as the exclusive licensee of Total SA in Puerto Rico, Plaintiff has standing to sue for trademark infringement (No. 80).

CIVIL NO. 09-1105 (JP)          -8-

Without delving into the eight criteria for likelihood of confusion set forth above, the Court finds that Plaintiff has demonstrated that a likelihood of confusion is "in prospect." <u>See Societe Des Produits Nestle, S.A.</u>, 982 F.2d at 640. Therefore, a showing of actual harm is not required.[2] Given the Court's finding that Plaintiff has made the requisite showing to support its Lanham Act claims at this juncture, denial of Defendant's motion is warranted.

**IV.  <u>CONCLUSION</u>**

In conclusion, Defendant's motion to dismiss Plaintiff's Lanham Act claims is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE

---

2.    Nonetheless, on July 7, 2009, Plaintiff updated its initial disclosures to include a claim of damages in the amount of $100,000.00 for trademark infringement and unfair competition.