```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| TOTAL PETROLEUM PUERTO RICO CORPORATION,<br><br>          Plaintiff<br><br>          v.<br><br>TC OIL, CORP.,<br><br>          Defendant | CIVIL NO. 09-1105 (JP) |

## OPINION AND ORDER

Before the Court is Plaintiff/Counter-Defendant Total Petroleum Puerto Rico Corporation's ("TPPRC") motion for judgment on the pleadings (**No. 153**) and Defendant/Counter-Claimant TC Oil, Corp.'s ("TC Oil") opposition thereto (No. 167). TPPRC brought this law suit against Defendant pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, *et seq.*, alleging violations of the lease, supply and franchise agreements between the parties. In response, TC Oil brought counterclaims against Counter-Defendant TPPRC pursuant to, *inter alia*, PMPA, 15 U.S.C. § 2801, *et seq.*; Article 4(e) of Reglamento No. I of the Puerto Rico's Office of Monopolistic Affairs; and Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141. Counter-Defendant TPPRC moves for judgment on the pleadings as to certain parts of TC Oil's counterclaim. For the reasons stated herein, Counter-Defendant TPPRC's motion is hereby **DENIED**.

CIVIL NO. 09-1105 (JP)          -2-

## I. **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

TC Oil leased from Plaintiff a gasoline service station ("Station") located at 373 San Claudio Avenue, Urb. Sagrado Corazon, Rio Piedras Ward, San Juan, Puerto Rico. The parties entered into the Lease agreement on November 1, 2008, for a period of three years. Under the Lease, TC Oil would pay TPPRC monthly rent, it would use the Station to sell gasoline, and it would sell only Total branded petroleum products.

On October 23, 2008, the parties entered into a Supply Agreement which granted TC Oil the right to buy and resell Total petroleum products and to operate the station under said trademark. The Supply Agreement also required TC Oil to purchase a minimum amount of gasoline products from TPPRC, and a minimum amount of oil and lubricants from TPPRC. Lastly, on the same date as the Supply Agreement, the parties entered into a Bonjour Franchise Agreement which allowed TC Oil to operate a convenience store at the Station in exchange for rent. Plaintiff TPPRC brought the instant complaint, on February 5, 2009, alleging that Defendant TC Oil breached the Lease, Supply, and Franchise agreements. On the same date, Plaintiff TPPRC moved for a temporary restraining order and a preliminary injunction. After holding a hearing, the Court granted TPPRC's request for a preliminary injunction.

Counter-Claimant TC Oil then filed counterclaims against Counter-Defendant TPPRC. In its counterclaim, TC Oil alleges that,

CIVIL NO. 09-1105 (JP) -3-

when it began running the Station in April of 2004, the Station was an Esso. In November 2008, TPPRC replaced Esso and offered Counter-Claimant a new contract on a "take it or leave it basis." TC Oil alleges that TPPRC, within ninety days of offering the contract, had forced TC Oil out of business, had taken over the operation of the Station and convenience store, and had taken the goodwill created by TC Oil.

TC Oil alleges that when Counter-Defendant TPPRC replaced Esso in November 2008, it left TC Oil without a proper identification, without manuals, operating plans or instructions, and with malfunctioning or deteriorated equipment. TPPRC allegedly left Counter-Claimant TC Oil without any gasoline to sell the first week after TPPRC assumed the operation of former Esso dealers. The gasoline delivered by TPPRC on November 4, 2008, was allegedly sold at an illegal price because it was above the maximum price allowed by the Department of Consumer Affairs. This forced Counter-Claimant TC Oil to post an illegal price which was at least six cents per liter more expensive than its trade area competitors. As a result, TC Oil suffered a decline in cash flow, gasoline sales, and consequently, convenience store performance.

TC Oil also alleges that Counter-Defendant TPPRC charged a higher franchise and convenience store fee, and imposed a higher quota than other Total franchises. Counter-Claimant alleges that the amount of fuel delivered by TPPRC to TC Oil was incomplete,

CIVIL NO. 09-1105 (JP)          -4-

especially the regular unleaded fuel, because TPPRC charged TC Oil for gasoline and petroleum products that it did not deliver. Furthermore, TC Oil alleges that TPPRC unilaterally terminated the contract between the parties without attempting to work with TC Oil on finding a solution.

TC Oil alleges that, when TPPRC took over for Esso in November 2008, TC Oil went down from an average sales volume of 170,000 gallons of gasoline per month to only 85,000 gallons sold in that month. TC Oil also only sold $25,000.00 in the convenience store that month. TC Oil alleges that TPPRC drove it out of business between November 2008 and December 2008. The Station was closed on December 19, 2008.

## II.   **LEGAL STANDARD FOR A JUDGMENT ON THE PLEADINGS**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

"The trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635

CIVIL NO. 09-1105 (JP)            -5-

(1st Cir. 1988)). To survive a motion for judgment on the pleadings, the complaint must plead facts that raise a right to relief above the speculative level. Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 49 n.3 (1st Cir. 2009).

### III. **ANALYSIS**

Based on Federal Rule of Civil Procedure ("FRCP") 13, Plaintiff/Counter-Defendant TPPRC moves the Court to dismiss parts of the counterclaims asserted by Defendant/Counter-Claimant TC Oil. Specifically, Plaintiff requests dismissal of: (a) portions of Claim One; (b) Claim Three; (c) portions of Claim Five; and (d) Claim Seven. The Court will now consider Counter-Defendant TPPRC's argument.

Under FRCP 13 there are two types of counterclaims: (1) compulsory; and (2) permissive. FRCP 13(a) states the rule for compulsory counterclaims while FRCP 13(b) states the rule for permissive counterclaims. Pursuant to FRCP 13(a)(1)(A), "[a] pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim[] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" However, FRCP 13(a)(2)(A) creates an exception where "[t]he pleader need not state the claim if[] when the action

CIVIL NO. 09-1105 (JP)        -6-

was commenced, the claim was the subject of another pending action[.]" Regarding permissive counterclaims, FRCP 13(b) states "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory."

Plaintiff TPPRC argues that the aforementioned parts of TC Oil's counterclaims have been decided by Judge Justo Arenas in <u>Santiago-Sepulveda, et al. v. Esso Standard Oil Company, Inc.</u>, Civil Case 08-1950. As such, Plaintiff argues that said counterclaims are permissive and not compulsory because they were subject to another pending action. Based on <u>Southern Construction Co. v. Pickard</u>, 371 U.S. 57 (1962), Plaintiff argues that said permissive counterclaims should be dismissed because the <u>Pickard</u> case states that FRCP 13(a) was designed to prevent multiplicity of actions and to achieve in a single lawsuit all disputes arising out of common matters. <u>Pickard</u>, 371 U.S. at 60. From this, Plaintiff concludes that judicial economy warrants dismissal, under FRCP 13(a), of a counterclaim that is the subject of another pending action.

After considering the argument, the Court determines that Plaintiff TPPRC's argument fails because the <u>Pickard</u> case cited by Plaintiff does not support the legal contention that Plaintiff claims it does. The Court notes that the <u>Pickard</u> decision does state that FRCP 13(a) is "designed to prevent multiplicity of actions and to

CIVIL NO. 09-1105 (JP)            -7-

achieve resolution in a single lawsuit of all disputes arising out of common matters." Id. However, the Pickard Court went on to explain that FRCP 13(a) "was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." Id. The Pickard Court then went on to determine that dismissal of the counterclaim was not warranted because the abovementioned policy was not violated by the facts of the case. Id. ("It is readily apparent that this policy has no application here").

As in Pickard, the policy behind FRCP 13(a) has no application here. In the instant action, TC Oil did not fail "to assert a counterclaim in" the Santiago-Sepulveda case because TC Oil was a Plaintiff and not a Defendant in that case. Similarly, TC Oil did not institute "a second action in which that counterclaim became the basis of the complaint[]" because it was TPPRC, not TC Oil, who instituted the present action. Thus, the policy behind FRCP 13(a) is not applicable to this case and dismissal based on FRCP 13(a) is not appropriate. Accordingly, the Court **DENIES** Plaintiff TPPRC's motion to dismiss part of the counterclaims brought by TC Oil.

## IV.  CONCLUSION

The Court **DENIES** Plaintiff/Counter-Defendant TPPRC's motion for judgment on the pleadings on portions of TC Oil's counterclaim one,

CIVIL NO. 09-1105 (JP)            -8-

counterclaim three, portions of counterclaim five, and counterclaim seven.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of December, 2009.

                                        S/ Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                     U.S. SENIOR DISTRICT JUDGE

CIVIL NO. 09-1105 (JP)            -8-